LAWRENCE EVERETT,

　Plaintiff,

v.

P.F. CHANG'S CHINA BISTRO, INC., and

JOHN DOE,

　Defendants.

COMPLAINT

NOW COMES Plaintiff Lawrence Everett, by and through his counsel and files this **Complaint for Damages and Jury Trial Demand**, respectfully showing the Court as follows:

### PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS

1. Plaintiff Lawrence Everett (hereinafter, "Plaintiff") is a resident of Mecklenburg County, North Carolina. By bringing this action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2. Defendant P.F. Chang's China Bistro, Inc. (hereinafter, "P.F. Chang's") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona. Upon information and belief but without the benefit of fact discovery, at all times pertinent to this Complaint, Defendant P.F. Chang's was and is an American-based, Asian-themed restaurant with more than 200 locations in the United States and more than 100 locations in international markets. These countries include, Argentina, Aruba, Bahrain, Brazil, Canada, Chile, Columbia, Costa Rica, Dominican Republic, Egypt, Jordan, South Korea, Kuwait, Lebanon, Qatar,

Saudi Arabia, Turkey, United Arab Emirates, and the United Kingdom. As a part of that business, Defendant P.F. Chang's operates locations in furtherance of its business, including specifically in Mecklenburg County, North Carolina. Because Defendant P.F. Chang's maintains a registered agent to transact business in the State of North Carolina, P.F. Chang's may be served by delivering Summons and Complaint upon its registered agent, National Registered Agents, Inc., located at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615-6417. Because Defendant P.F. Chang's regularly engages in carrying on business in this State (either on its own and/or by and through its wholly-owned and/or affiliated subsidiaries), derives substantial revenue from business transacted in this State, maintains locations, employees and/or agents in this State, and is a joint tortfeasor with the other Defendant(s) in this case whose acts and/omissions proximately caused the Plaintiff's severe and permanent injuries in this State, jurisdiction and venue are proper in this Court with respect to Defendant P.F. Chang's.

3. Defendant John Doe at all times herein relevant and was/is employed by Defendant P.F. Chang's. Upon information and belief, without the benefit of fact discovery, Defendant John Doe is a resident and citizen of the State of North Carolina. Defendant John Doe was acting within the course and scope of her employment and/or agency with Defendant P.F. Chang's when she was working at P.F. Chang's in Mecklenburg County, Charlotte, North Carolina on May 15, 2019. Defendant John Doe is a fictitious party pursuant to N.C. Gen. Stat. § 1-166 and whose identity is unknown as of the filing date of this Complaint. Upon the discovery of this unidentified person, should Plaintiff learn the identity of Defendant John Doe, he will amend the Complaint pursuant to the plain language of N.C. Gen. Stat. § 1-166 and Rule 15 of the North

2

Carolina Rules of Civil Procedure. Upon information and belief, at all times relevant to this Complaint.

4. Each of the Defendants is jointly and severely liable to the Plaintiff as set forth herein.

5. Jurisdiction and venue are not proper in any United States District Court because complete diversity of citizenship of the parties is lacking, and the Plaintiff claims arise under North Carolina law with no federal questions presented.

6. This Court has subject matter jurisdiction here under N.C.G.S. §7A-240 and Article IV, Section 12(3) of the Constitution of North Carolina. Venue is proper in this Court under N.C.G.S. §§1-79, 1-80, 1-82 and other applicable law because Defendant John Doe upon information and belief is a resident of Mecklenburg County, North Carolina; Defendant P.F. Chang's regularly engage in business and/or have property in Mecklenburg County; the subject incident giving rise to this lawsuit occurred in Mecklenburg County; and Plaintiff resides in Mecklenburg County.

## FACTS

7. Paragraphs 1 through 6 of this Complaint are adopted, restated and incorporated by reference as if fully set forth herein.

8. On or about May 15, 2019, the Plaintiff along with the Plaintiff's wife decided to celebrate the Plaintiff's wife's birthday by dining at P.F. Chang's located at 10325 Perimeter Parkway, Charlotte, North Carolina.

9. Defendant John Doe came to the Plaintiff's table to take the Plaintiff's and his wife's order.

10. The Plaintiff placed his order which included hot tea.

3

11. Defendant John Doe brought out the Plaintiff's hot tea and instead of pouring the tea in the cup that was placed on the Plaintiff's table, Defendant John Doe negligently poured the scalding hot content directly on the right-hand of the Plaintiff causing the Plaintiff to scream in agony.

12. The Plaintiff immediately suffered serious first degree burns to his right-hand. As well as nerve damage.

13. As a result of the burn, the Plaintiff suffered permanent scarring to his right-hand.

14. Those injuries and resultant sequelae caused by the Defendants negligence have resulted in substantial damages, both economic and non-economic, including but not limited to, medical bills, costs and expenses; past, present and future economic loss; past, present and future physical pain and suffering; permanent scaring; and loss of full enjoyment of life.

15. Upon information and belief, at all times pertinent to this Complaint, Defendant John Doe was an employee and/agent of Defendant P.F. Chang's and was acting within the scope of her employment and/or agency with Defendant P.F. Chang's, such that Defendant P.F. Chang's is both independently liable for its own negligent acts and/omissions (as described in more detail below) and/or liable for Defendant John Doe's negligent acts and/omissions on May 15, 2019 under *respondeat superior* and/or other forms of vicarious liability.

16. The Plaintiff was not contributorily negligent in any way- he did not do any act, nor did he fail to do any act, which proximately caused the above-described incident at P.F. Chang's or any of his injuries or damages therefrom.

4

17. The negligence and/or recklessness of the Defendants either directly or under principles of vicarious liability, proximately caused Plaintiff's severe and permanent injuries and damages for which Defendants are liable in an amount to be determined by the enlightened conscience of the jury based upon the evidence adduced at trial, but in any event in an amount well in excess of the jurisdictional minimum necessary to confer jurisdiction in this Court.

## COUNT I

## NEGLIGENCE OF DEFENDANT P.F. CHANG'S

18. Paragraphs 1 through 17 of this Complaint are adopted, restated and incorporated by reference as if fully set forth herein.

19. On May 15, 2019, Defendant P.F. Chang's owed to Plaintiff specifically, and the public generally, duties of care while dining at P.F. Chang's. At such time, it was reasonably foreseeable to Defendant P.F. Chang's that if its employees and/or agents acted negligently and/or recklessly, such negligence and/or recklessness could cause injury to others, and specifically to the Plaintiff.

20. Defendant P.F. Chang's owed a duty(ies) to the general public of this state, including specifically the Plaintiff, to reasonably hire, retain, train, supervise and/or terminate its employees, and/or agents, including specifically Defendant John Doe.

21. Defendant P.F. Chang's owed a duty(ies) to the general public of this state including specifically the Plaintiff, to implement policies, procedures, guidelines and/or standards necessary to reasonably protect such persons from harm caused by its operations and those employed at P.F. Chang's, including specifically Defendant John Doe.

5

22. In addition, the grounds for vicarious liability described in the Counts above and throughout this Complaint, Defendant P.F. Chang's breached its duties of care to the Plaintiff specifically, and the public generally, were negligent and/or reckless, and liable, on one or more of the following grounds:

a. Defendant P.F. Chang's negligently hired and/or negligent failed to properly instruct, train and/or supervise its' employees and/or agents, including Defendant John Doe, the employee it placed at one of its locations to serve the Plaintiff specifically and the public generally;

b. Defendant P.F. Chang's negligently failed to enforce, either expressly or by implication, policies, procedures, practices and/or standards which encouraged its employees/agents to act prudently and safely while assisting patrons of P.F. Chang's including the Plaintiff specifically and the public generally;

c. Failing to establish reasonable procedures designed to prevent the injury to the Plaintiff, and in other ways set forth in this Complaint, and in failing to communicate such procedures to its employees and agents, including Defendant John Doe;

d. Failing to use the degree of care and caution that reasonable prudent standards would require under the circumstances then and there prevailing;

e. Defendant P.F. Chang's was negligent and/or reckless in any such other ways as may be discovered in litigation and proven at trial.

23. As a direct and proximate cause of Defendant P.F. Chang's negligence described above, either directly or under the doctrine of *respondeat superior* or other forms of vicarious liability for the acts and/or omissions of its employee and/or agent, Defendant John Doe, the Plaintiff suffered severe and permanent injuries and other

damages in an amount to be determined by the enlightened conscience of the jury based upon the evidence adduced at trial, but in any event in an amount well in excess of the jurisdictional minimum necessary to confer jurisdiction in this Court.

24. Defendant P.F. Chang's, along with Defendant John Doe, are jointly and severally liable for all damages due to Plaintiff under North Carolina law.

25. To the extent that Defendant P.F. Chang's condoned, participated in, required, compelled, or was otherwise actively involved in the conduct Defendant John Doe described above (and/or in any conduct of Defendant that in the course of litigation may be discovered or determined to be so egregious as to be willful, wanton, and/or reckless as recognized under North Carolina law), Plaintiff reserves the right to seek punitive damages against Defendant P.F. Chang's.

26. In the alternative, to the extent that it is discovered in litigation that Defendant P.F. Chang's negligent acts and/or omissions described above (and/or if it is discovered in litigation that Defendant P.F. Chang's committed negligent acts and/or omissions not been described above that) are determined to be so egregious as to be willful, wanton and/or reckless within the meaning of North Carolina law, Plaintiff reserves the right to seek punitive damages against Defendant P.F. Chang's.

## COUNT II

## NEGLIGENCE OF DEFENDANT JOHN DOE

27. Paragraphs 1 through 26 of this Complaint are adopted, restated, and incorporated by reference as if fully set forth herein.

28. On May 15, 2019, Defendant John Doe owed to the Plaintiff specifically, and the public generally, duties of care while dining at P.F. Chang's. At such time, it was

7

reasonably foreseeable to Defendant John Doe that if she acted negligently and/or recklessly, such negligence and/or recklessness could cause injury to others, and specifically to the Plaintiff.

29. On May 15, 2019, Defendant John Doe breached her duties of care to the Plaintiff specifically, and the public generally, was negligent and/or reckless, and is liable, on one or more of the following grounds:

    a. Failing to pour the hot tea safely into the Plaintiff's cup;

    b. In preparing and serving unreasonably hot and/or dangerous liquids;

    c. Failing to allow the hot tea to cool to an appropriate safe temperature prior to serving to Plaintiff;

    d. Failing to warn Plaintiff of the pending hazard relating to the scalding temperature of the tea;

    e. Failing to use the degree of care and caution that a reasonable prudent standard would require under the circumstances then and there prevailing;

    f. Was negligent and/or reckless in any such other ways as may be discovered in litigation and proven at trial.

30. The above-described acts and/or omissions of Defendant John Doe are imputed by law to Defendant P.F. Chang's.

31. The incident and injury to the Plaintiff occurred without any negligence or want of due care on the part of the Plaintiff, thus the Plaintiff neither directly nor indirectly contributed to his injuries and/or damages.

32. As a direct and proximate cause of Defendant John Doe's negligence

8

Case 3:22-cv-00202-RJC-DSC   Document 1-1   Filed 05/06/22   Page 8 of 12

and/or recklessness described above, jointly and severally with Defendant P.F. Chang's, the Plaintiff suffered severe and permanent injuries and other damages in an amount to be determined by the enlightened conscience of the jury based upon the evidence adduced at trial, but in any event in an amount well in excess of the jurisdictional minimum necessary to confer jurisdiction in this Court.

33. Defendant John Doe, along with Defendant P.F. Chang's, is jointly and severally liable for all damages due to the Plaintiff under North Carolina law.

34. To the extent that it is discovered in litigation that Defendant's negligent acts and/or omissions described above are determined to be so egregious as to be willful, wanton and/or reckless within the meaning of North Carolina law, Plaintiff reserves the right to seek punitive damages against Defendant John Doe. In that alternative, if it is discovered in litigation that Defendant John Doe committed negligent acts and/or omission that have not been described above but are, nonetheless, determined to be so egregious as to be willful, wanton and/or reckless within the meaning of North Carolina law, Plaintiff reserves the right to seek punitive damages against Defendant John Doe.

## COUNT III

### RESPONDEAT SUPERIOR and AGENCY-DEFENDANT P.F. CHANG'S

35. Paragraphs 1 through 34 of this Complaint are adopted, restated and incorporated by reference as if fully set forth herein.

36. Upon information and belief, at all times pertinent to this Complaint, Defendant John Doe and other employees of P.F. Chang's were acting in furtherance of the interests of Defendant P.F. Chang's.

37. Upon information and belief, at all times pertinent to this Complaint, Defendant John Doe was working with the express and/or implied permission of Defendant P.F. Chang's, and in furtherance of the business interests of Defendant P.F. Chang's.

38. Upon information and belief, at all times pertinent to this Complaint, other employees and/or agents working at P.F. Chang's were working with the express and/or implied permission of Defendant P.F. Chang's, and in furtherance of the business interests of Defendant P.F. Chang's.

39. At all times relevant, Defendant John Doe and/or others working at P.F. Chang's were agents and employees of Defendant P.F. Chang's.

40. Defendant P.F. Chang's provided the opportunity and materials needed to perform Defendants John Doe 's services.

41. Defendant P.F. Chang's provided the opportunity and materials needed to other employees on May 15, 2019, to perform their services.

42. Defendant P.F. Chang's controlled the manner in which the services by its employees including Defendants John Doe were to be performed on May 15, 2019.

43. Defendant P.F. Chang's is therefore liable under the doctrines of respondeat superior, vicarious liability and/or statutory employer liability for tortious acts and/or omissions of its employee(s) and/or agent(s), Defendant John Doe, in the subject incident.

44. As a direct and proximate cause of Defendant P.F. Chang's negligence described above, either directly or under the doctrines of respondeat superior or other forms of vicarious liability for the acts and/or omissions of its employee(s) and/or

agent(s), Defendant John Doe, the Plaintiff suffered severe and permanent injuries and other damages in an amount to be determined by the enlightened conscience of the jury based upon the evidence adduced at trial, but in any event in an amount well in excess of the jurisdictional minimum necessary to confer jurisdiction in this Court.

45. The incident and injury to the Plaintiff occurred without any negligence or want of due care on the part of the Plaintiff, thus the Plaintiff neither directly nor indirectly contributed to his injuries and/or damages.

46. Defendant P.F. Chang's, along with Defendant John Doe, are jointly and severally liable for all damages due to the Plaintiff under North Carolina law.

**WHEREFORE,** THE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS AS FOLLOWS:

A. That Plaintiff have and recover judgment against the Defendant P.F. Chang's China Bistro, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) for the Plaintiff's personal injuries and damages;

B. That Plaintiff have and recover judgment against Defendant John Doe Randolph in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) for the Plaintiff's personal injuries and damages;

C. That Plaintiffs have and recover judgment against Defendants jointly and severally in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) for Plaintiff's personal injuries and damages;

D. That the judgment bear interest at the legal rate from the date of filing this action until paid, including pre- and post-judgment interest as provided by law;

E. That Plaintiff have a trial by jury;

F. That Defendants be taxed the costs of this action;

G. That Plaintiff have and recover his costs, including a reasonable attorney's fee;

H. For such other and further relief that the Court may deem just and proper.

This the 31st day of March 2022.

*[Signature]*

William H. Harding, NC State Bar # 40623
Attorney for Plaintiff
**Law Offices of William H. Harding, PLLC**
9115 Harris Corners Parkway- Suite 220
Charlotte, North Carolina 28269